The opinion of the court was delivered by
Seencee, J.
This is a proceeding by writ of habeas corpus, sued out. by Agusti before the Fourth District Court of Orleans, against the-Criminal Sheriff of said parish.
The facts are as follows : Relator, Agusti, was arrested and tried by Recorder Smith for violation of act 9 of 1874, relative to the selling-of lottery tickets in New Orleans, and was sentenced to pay a fine of twenty-five dollars' or be imprisoned for five days.
Agusti applied to the judge of the Fourth District Court for writ-of habeas corpus, and was upon hearing thereof discharged from custody by said judge.
Thereupon Recorder Smith ordered the re-arrest and commitment-of Agusti, under the said former conviction. At the same time the-recorder applied to the Superior Criminal Court, reciting the facts, and alleging that J. D. Houston, Criminal Sheriff, would again release said Agusti, unless restrained, etc. Whereupon he prayed for a mandamus, on said sheriff, to compel him to retain said Agusti in custody under said sentence. After hearing, this mandamus was made peremptory by said Superior Criminal Court, and the said sheriff was ordered to execute the sentence of the recorder upon Agusti, “ any proceeding in any other court in the premises notwithstanding.”
Agusti being thus recommitted, again applied to the Fourth District Court for writ of habeas corpus, which was granted. The sheriff declined to obey it, on the ground that he could not disobey the order of the Superior Criminal Court above referred to. The sheriff was thereupon committed for contempt by the Fourth District Court — but finally obeyed the writ and produced the body of Agusti — showing as authority for the detention, first, the commitment by Recorder Smith,, and, second, the mandate of the Superior Criminal Court. Upon hear *1175 iag the parties the Fourth District Court again sustained the writ of habeas corpus and discharged the prisoner. From that decree the-present appeal was taken by Houston, Criminal Sheriff; who alleges that he is aggrieved thereby, and that he has an interest in the result exceeding §500 — since by reason of said decree he has been forced to disobey the mandate of the Superior Criminal Court, whose executive officer he is, and thereby is liable to a fine of §500 and suspension from his office, the emoluments of which are far beyond §500, etc.
At the threshold we are met by the appellee’s objections. First, that this court is without jurisdiction, and, second, that Houston has no such interest as entitles him to an appeal.
We think both objections well taken.
. In the case of “ The State ex rel. Geale vs. Recorder,” reported in 30 An. 450, we held that our jurisdiction did not extend to cases of convictions under said act No. 9 of 1874. It is unnecessary to again state-the grounds of that decision.
Besides, it is well settled that an appeal will not lie to this court from the decree of an inferior court in a matter of habeas corpus. In ex-parte Mitchell, 1 An. 413, this court said : “ A judgment rendered on-an application for a habeas corpus can in no sense be considered a final judgment. It does not decide all the matters in controversy between* the State and the accused, but is in the nature of an interlocutory order, the tendency of which is not to work an irreparable injury to the prisoner. If the language of this article (63) had left the intention of its framers in doubt, that doubt would be removed by reference to the sixty-seventh article, which gives to-this court and to each of its judges the power to issue writs of habeas corpus at the instance of all persons in actual custody under process, in all cases in which they may have appellate jurisdiction.” “This grant of original povoer precludes the-idea of an appellate jurisdiction in relation to the same subject.” “Appeal dismissed.”
This case was cited and reviewed with approval in “Cook et al. vs. Keeper of Parish Prison.” 15 An. 347.
It is therefore manifest that we have no jurisdiction of the original habeas corpus case of “ State ex rel. Agusti vs. Houston, Sheriff.” But it is contended that as Houston may be fined and suspended from his. office, and thereby injured to amount of more than §500, an appeal will lie in his behalf. The answer to this proposition is that it will be time-enough for him to appeal when the decree inflicting these severe penalties on him has been rendered. It would be difficult to conceive a case where an appeal would not lie, if a party may substitute for the amount actually in dispute conjectural and indirect losses which may upon future contingencies result to him. The interest which entitles a party- *1176 to appeal must be a real and personal interest in the particular cause, and not a merely conjectural one in some possible consequence of that cause. Sheriff Houston has no such interest in this suit. We are at a loss to conceive how it can be said that the matter or thing in dispute in this case is Sheriff Houston’s office. His office is no more involved here than it is in every other case where he is called upon to perform official duties. The ease cited of “ Simonds vs. Judge of Sixth District Court,” 24 An. 424, is not in point. That was a proceeding where the judgment creditor of an alleged partner had seized his debtor’s interest in a partnership and took a rule against the other partners to show cause why a receiver should not be appointed and the whole property of the partnership taken from them and turned over to the receiver. From a judgment so decreeing it was held that an appeal would lie, although the judgment of the creditor was only $175, but the value of the property sought to be taken was over $1000.
The appeal in this cause is therefore dismissed at cost of appellant.